HOFFMAN v. CUADRADO.

APPEAL from the District Court of San Juan.

No. 246.—Decided June 16, 1908.

INTERPRETATION OF CONTRACT—PRIOR, CONTEMPORARY, AND SUBSEQUENT ACTS.—
Section 1249 of the Revised Civil Code does not prohibit, but leaves it to
the sound discretion of the trial judge, to inquire into the acts performed
prior to the execution of the contract, in order to interpret the meaning
thereof.

CONTRACT—CONSENT—OBJECT—CONSIDERATION.—Where a contract is executed in
which the consent of the parties, a definite object, and a sufficient considera-
tion for the same appear, such a contract is the law between the contracting
parties, and must be complied with strictly according to the tenor thereof;
and if this is not so, one of the parties is obliged to indemnify the other for
the damages which his conduct may have caused.

RECIPROCAL OBLIGATIONS.—In contracts where the obligations are reciprocal, one
of the parties cannot elude compliance therewith.

DAMAGES AND LOSSES—PROFITS NOT OBTAINED.—In an action for damages and
losses to recover profits not obtained, it must be proved that such profits
which would have been obtained otherwise have really not been secured.

The facts are stated in the opinion.

*Mr. Pérez Moris* for appellant.

*Mr. Benítez Castaño* for respondent.

MR. JUSTICE FIGUERAS delivered the opinion of the court.

O. D. Hoffman brought an action in the First Section of
the District Court of San Juan against Juan M. Cuadrado,
for the recovery of $1,000 representing the principal, besides
interest at the rate of 12 per cent per annum, to December 16,
1906, and legal interest on said sums from the date the com-
plaint was filed. He prayed furthermore that in the execu-
tions of the judgment and in default of payment in cash, 38
yoke of oxen, pledged by Cuadrado to secure the debt, accord-
ing to a note which he signed and delivered to the plaintiff
on May 16, 1906, be first sold at public sale.

In his answer Cuadrado acknowledges as true all the facts
alleged in the complaint, but he states, in his justification and
defense, that he refuses to pay the plaintiff the sum claimed

by the latter, because he owes him a larger sum for damages, sustained through the nonperformance of a contract which forms the basis for a counterclaim which he forthwith presents.

The contract reads as follows:

"Private contract between Juan M. Cuadrado and O. D. Hoffman.

"The former agrees to purchase and receive from the latter 8,000 ties placed on board a vessel in the port of San Juan, the said ties to be in said port before January 30, 1907.

"The latter binds himself to defray the cost of placing the ties in the port of San Juan aboard the vessel, and the latter (former?) agrees to forward the ties to the Santa Juana Central of Caguas.

"The former will also pay the draft accompanying the bill of lading.

"The profits, after covering all expenses, shall be divided between the two contracting parties. Juan M. Cuadrado, O. D. Hoffman, San Juan, November 3, 1906. Witnessess: F. Caballero, R. Muñoz García."

The cross plaintiff alleges furthermore that he has always been ready to comply with the obligations of the said contract, while Hoffman has not complied therewith; that the 8,000 ties which the latter had agreed to place aboard a vessel in the port of San Juan at 35 cents each, did not arrive in the month of January, nor have they arrived as yet, notwithstanding the repeated requests of Cuadrado, who was suffering evident damages owing to the nonperformance of the contract, such damages amounting to the sum of $2,000, and he closed with the prayer that the complaint be dismissed and the cross-complaint allowed, and that the said Hoffman be adjudged to pay him the sum of $2,000 less the sum of $1,000, amount of the loan, and the interest thereon, to which the complaint refers.

Hoffman, in answering, admits that the contract referred to had been entered into; but that a short time after signing the same, it was canceled by the contracting parties them-

selves, Cuadrado having stated that through lack of money he was unable to pay the draft which was to accompany the bill of lading, as stipulated; that they likewise agreed to rescind the contract on account of the indetermination of the subject matter thereof—that is to say, the ties—whose class, price, dimensions and other details Cuadrado had never evinced any disposition to·specify, notwithstanding repeated requests; that a contributory factor to the friendly rescission of the said contract was the fact that it was so badly drawn that it disagrees with the material, stipulating between the parties thereto, such as that Hoffman would be a mere mediator or agent of Cuadrado and would use his influence and connections to secure for him in Santo Domingo merely a dealer in ties who would ship them to Cuadrado under the con-dition of payment against bill of lading instead of cash payment, Hoffman taking charge only of the cost of transportation to San Juan; that all this does not appear clearly from the contract, and the obligation is further assign-ed to him of paying the cost of transportation from San Juan to Caguas, which was Cuadrado's obligation; Hoffman states further that even on the assumption that he could not prove the facts alleged in a satisfactory and complete manner, the contract would nevertheless be void on account of the material lack of determination of the subject matter thereof, and he con-cludes with the prayer that the cross complaint of the defendant be dismissed with costs, and by way of a counterclaim, which he bases on the facts alleged, that the contract relating to the ties entered into by the parties to this action, be in due time declared null and void.

The trial having been had, in view of the evidence and the allegations of the parties, the judge rendered his decision on December 11, 1907, to the effect that "the plaintiff, O. D. Hoffman, obtain and recover from the defendant, Juan Man-uel Cuadrado, the sum of $1,000 which he owes him, with in-terest at 12 per cent from May 16 last until final payment, and legal interest at the rate of 6 per cent per annum, on the prin-

cipal and interest due on January 8, the date the complaint was filed; that Juan Manuel Cuadrado, the defendant, obtain and recover from O. D. Hoffman, the plaintiff, the sum of $1,480, as damages for nonperformance of the valid contract entered into between them in partnership for the purchase of ties; and it is further ordered that both debts be offset by each other as far as possible, and if there be any balance in favor of O. D. Hoffman and it were not paid to him in cash, execution issue in preference against the 38 yoke of oxen or part thereof, which were given as security for the obligation, and that each party pay the costs incurred by him.''

The plaintiff, O. D. Hoffman, took an appeal from this judgment on December 16, 1907.

The appellant filed his brief and on the day of the hearing both parties made their respective oral arguments.

A statement of facts approved by the Judge of the First Section of the District Court of San Juan has been presented in this Supreme Court.

In this statement there appears as evidence of the cross-complainant, Cuadrado, the private contract to which reference has been made, a public deed executed before the Notary of San Juan, on October 16, 1906, which contains a contract relating to the sale of ties, entered into between Cuadrado as vendor, and the joint stock company of Sucreries de Saint Jean, as vendee, ten letters, some of these from Hoffman to Cuadrado and others from the latter to the former, and the testimony of said Cuadrado.

The only evidence presented by Hoffman was the testimony of witness José García Gazuela.

Setting aside the contract of loan secured by oxen, entered into between Hoffman and Cuadrado, and embodied in a note, Cuadrado having acknowledged its existence and genuineness, as also that he owes the sum now claimed, what remains to be considered and decided is the ground of the cross-complaint filed by Cuadrado, which is the contract contained in the private document inserted at the beginning of this opinion.

We cannot but concede that said document, as drawn, is obscure and deficient, but this does not preclude its being submitted to the rules of construction in order to ascertain what was the real intention of the contracting parties, Cuadrado and Hoffman.

The question involved, therefore, is a litigation over a consensual contract the scope and limit of which must be determined, because it had not been done with proper clearness, and the Judge of the District Court of San Juan has construed its real meaning upon the evidence presented attending, as may be seen from the opinion on which the judgmenut is based, more to the intention than to the words of the contracting parties.

The appellant censures the action of the trial judge because in interpreting said contract, he considered the previous, contemporaneous and subsequent acts, when section 1249 of the Revised Civil Code confines this mental function to the contemporaneous and subsequent acts, but does not comprise prior acts.

But the section alleged to have been violated provided:

"In order to judge as to the intention of the contracting parties, attention must *principally* be paid to their acts, contemporaneous and subsequent to the contract."

The adverb "principally" which we have underlined, shows that in the investigation the number and quality of the inductive acts have not been limited; it does advise that the contemporaneous and subsequent acts be principally considered, because they reveal the will better than the preparatory acts but it does not exclude the latter in an absolute manner, and leaves the consideration thereof to the sound discretion and reasoning of the judge, according to the circumstances of the case submitted to him for consideration.

The trial judge, after having examined the correspondence prior and subsequent to the private document of November

3, 1906, entered into between Hoffman and Cuadrado and considering this document in relation with the engagement of the latter to furnish ties at specific times to Central Santa Juana of Caguas, acording to the public deed to which reference has been made, and after considering the testimony of the cross-complainant himself, Cuadrado, he arrived at the conclusion that a contract had been entered into in which there exist consent, a definite object as the subject thereof, and a consideration, and that consequently said contract is law between the persons who entered into it and must be executed in accordance with its terms, and if this is not so, one of the parties is obliged to indemnify the other for the damages which his conduct may have caused.

Up to this point we agree with the judge because we believe that he has rightly applied the rules of construction, and although he does not classify the contract, be it a contract of purchase and sale or a mixed contract of purchase and sale and partnership, mutual obligations have been contracted, the performance of which cannot be evaded by one of the contracting parties, especially when Hoffman has not attempted even to prove the alleged rescission of the contract, and although we concede that the stipulations of the contract are obscure, this circumstance cannot favor Hoffman, who drew the document. (See section 1255 of the Revised Civil Code.)

In determining the damages, the trial judge reasons in the following manner:

"Establishing, therefore, as a basis, that Hoffman was under the obligation of placing the 8,000 ties in the port of San Juan at 35 cents each, it appears that their value is 2,800 *pesos,* which Cuadrado was to pay against the draft accompanying the bill of lading, and that Cuadrado on his part was to defray the expenses of transportation to Central Santa Juana, amounting to 960 *pesos,* being 560 of 20 per cent *ad valorem* customs duty and 400 more for transportation and unloading at the rate of 5 cents per tie, which gives a total expense of 3,760 *pesos;* and as the price which the Central Santa Juana would

have paid for these 8,000 ties at 84 cents would have been 6,720 pesos, there would be a profit for the partnership of Hoffman and Cuadrado of 2,960 *pesos,* which, divided into two equal parts, would give each 1,480."

No part of the statement of facts or even the testimony of the Cuadrado himself, establishes the fact that the latter suffered the damage he claims.

It is true that he was obliged to deliver a larger number of ties to Central Santa Juana of Caguas, and had he proved that because of the nondelivery to him of the 8,000 ties which Hoffman was obliged to deliver, he had been compelled to indemnify said Central in a specific sum, there is no doubt that his claim for the amount disbursed, owing to nonperformance of the contract by Hoffman, would be just.

If Cuadrado had been compelled to purchase and had purchased the 8,000 ties from another person for a higher price than that agreed on with Hoffman, in order to be able to fulfil his contract with the said Central, there is no doubt that this would have been another case of just indemnity, the amount in both instances being determined under the terms of private contract.

But it may be said that this is not a case involving damages for losses suffered by reason of the nonperformance of a contract, but an indemnity for profits not realized, and for this reason the judgment appealed from, based on the provisions of section 1073 of the Civil Code, adjudges Hoffman to pay $1,480 as the net half of the profit which Cuadrado failed to realize in the partnership of Hoffman and Cuadrado, according to the private contract of November 3, 1906, in relation to that entered into between Cuadrado and Central Santa Juana of Caguas.

In this case it was necessary to prove that there was an actual failure to realize such profit, according to the opinion of the Supreme Court of Spain, of November 3, 1892.

The contract for furnishing ties entered into between Cuadrado and the Central Santa Juana called for the delivery by him of 15,000 ties, and it terminated, according to the instrument constituting it, before the last day of February, 1907, and the counterclaim against Hoffman was filed on April 30, 1907, it being strange that no attempt should have been made to recover damages until Hoffman brought an action to recover the amount due him from Cuadrado under a note independent of the contract for ties, while the latter now claims as damages a higher sum than the amount of said debt contracted in favor of Hoffman.

Cuadrado waited until Hoffman filed his complaint, and this raises a doubt as to the real existence of such damages when, as in this case, they have not been proved.

Cuadrado should have proved that he delivered not only 7,000 ties to the Central and that as to the remaining 8,000, he had been unable to deliver them notwithstanding due diligence for causes independent of his good will; then it would have been shown that he failed to realize the $1,480 which would have been due him as one-half the profits in the partnership with Hoffman referred to in the private contract of November 3, 1906.

This has not been proved.

Furthermore, it should at all events be considered whether Hoffman acted in good faith or with fraud, because in each case the basis for the determination of the damages is changed according to section 1074 of the Civil Code, and fraud is never presumed but must be proved, and this does not appear anywhere.

Consequently, for the reasons stated, the judgment appealed from should be reversed in so far as it adjudges Hoffman to pay $1,480 for damages caused Cuadrado and should be affirmed as to the other particulars relating to the payment by Cuadrado to Hoffman of the principal and interest.

of the note of May 16, 1906, without any special taxation of costs.

*Reversed.*

Chief Justice Quiñones and Justices Hernández, Mac-Leary and Wolf concurred.